## INDEX

A.    Papers served on Partners in Recovery

B.    Notice of Removal filed in Pima County Superior Court

C.    Pleadings filed with Pima Superior Court

**EXHIBIT A**

1/6/14
KOC
11:59

Jerry S. Smith (SBA #019599)
JERRY S. SMITH, PLLC
145 S. Sixth Avenue
Tucson, Arizona 85701-2007
Phone: (520) 326-0134
Email: jsmith@jsslawpllc.com
PCC #65342

Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| CYNTHIA M. STELLA,<br><br>                          Plaintiff,<br><br>v.<br><br>THE HUMANE SOCIETY OF SOUTHERN ARIZONA, an Arizona non-profit corporation,<br><br>Defendant. | Case #      **C20136901**<br><br>**CIVIL SUMMONS**<br><br>**Charles Harrington** |

**WARNING: This is an official document from the court that affects your rights.**

**Read this carefully.**

**If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO THE HUMANE SOCIETY OF SOUTHERN ARIZONA, an Arizona non-profit corporation,**

**1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons".***

1 | Page

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the Office of the Clerk of the Pima County Superior Court, 110 West Congress Street, Tucson, AZ 85701-1317. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Pima County Superior Court, 110 West Congress Street, Tucson, AZ 85701-1317.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

DEC 1 8 2013

SIGNED AND SEALED this date: _____

**Clerk of the Pima County Superior Court**

TONI L. HELLON

By:_____
   **Deputy Clerk**
   LAURA TENENHOLTZ



1   Jerry S. Smith (SBA #019599)
2   JERRY S. SMITH, PLLC
3   145 S. Sixth Avenue
    Tucson, Arizona 85701-2007
4   Phone:  (520) 326-0134
5   Email: jsmith@jsslawpllc.com
6   PCC #65342

7   Attorney for Plaintiff

8

9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10                 IN AND FOR THE COUNTY OF PIMA
11

12  CYNTHIA M. STELLA,                    Case # C20136901

13                      Plaintiff,

14  v.                                    **FIRST AMENDED COMPLAINT**

15

16  THE HUMANE SOCIETY OF
    SOUTHERN ARIZONA, an
17  Arizona non-profit corporation,

18
                        Defendant.
19

20

21       Plaintiff Cynthia M. Stella, by and through Jerry S. Smith, her

22  undersigned attorney of record, submits this First Amended Complaint

23  against Defendant "The Humane Society of Southern Arizona, Inc.", for her

24  claims for **(1)** failure to pay overtime wages in violation of the Fair Labor

25  Standards Act, 29 U.S.C. 207(a), **(2)** failure to pay wages in violation of

26

A.R.S. 23-355, **and (3)** breach of the contractual implied covenant of good faith and fair dealing.

This First Amended Complaint is filed pursuant to Arizona Rules of Civil Procedure, Rules 3, 7(a), 8(a), 15(a) and 38(b).

### Fact Allegations

1. Plaintiff Cynthia M. Stella ("Stella") is, and has been at all times material to this First Amended Complaint, an adult resident of Pima County, Arizona.

2. The Defendant, The Humane Society of Southern Arizona, Inc. (hereinafter "THSSA"), is, and has been at all times material to this First Amended Complaint:

      (A)   An Arizona non-profit corporation, with its principal place of business located in Tucson, Pima County, Arizona; and

      (B)   An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a), and in A.R.S. 23-350(3); and

      (C)   An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).

3. Stella was employed by THSSA from October, 2010 through August 15, 2013, as the manager of its thrift store in Tucson, Arizona, when she was terminated without good cause.

4. At all times during her employment by THSSA, Stella was an employee of THSSA as that term is defined in 29 U.S.C. 203(e)(1), and used in 29 U.S.C. 207(a), and defined in A.R.S. 23-350(2).

1    5. Stella's hourly rates of pay were:

2    October, 2010 through October, 2011: $17.00 per hour

3    October, 2011 through July, 2012: $17.79 per hour

4    July, 2012 through August 15, 2013: $20.19 per hour

5    6.   THSSA told Stella that she was fired because she had hired a

6    "relative" to work at the thrift store as a subordinate. However, this "reason"

7    was false, pretextual, and a breach of the implied covenant of good faith

8    and fair dealing because (1) in fact Stella did not hire a relative to work at

9    the thrift store, (2) other THSSA employees who had in fact violated the "no

10   relative-subordinates" policy had not been terminated, including Rich

11   Laguna and Lisa Gagnon, and (3) Stella had accumulated/earned 144 PTO

12   (paid time off hours) that she would be entitled to be paid upon a

13   termination of her employment so long as she was not involuntarily

14   terminated.  The THSSA policy states:

15       "Any employee who voluntarily resigns from employment and who
         provides at least two weeks notice will be paid their accrued but
16       unused PTO up to a maximum of their annual accrual rate at the time
         of resignation. An employee whose employment is involuntarily
17       terminated will not be paid for their accrued but unused PTO."
18

19   7.  When THSSA fired Stella on August 15, 2013, she had earned but

20   had not been paid for a total of 310 PTO hours.  Her annual accrual rate

21   was 144 PTO hours.  Therefore, pursuant to the THSSA policy, paragraph 6

22   supra, she was entitled to be paid for one year of her accrued PTO, 144

23   hours, at her hourly rate of $20.19 per hour, for total PTO wages of

24   $2,907.36.

25

26

8. When THSSA fired Stella, it failed and refused to pay her PTO wages of $2,907.36, stating that she was precluded from receiving such wages pursuant to the second sentence of its policy, paragraph 6 supra. Her "involuntary termination" was a breach of the implied covenant of good faith and fair dealing because the reason given was knowingly false (hiring a relative) and was done so that THSSA might have an excuse to refuse to provide the PTO wages or hours off that Stella was entitled to.

9. Throughout her employment, THSSA required Stella to work more than forty (40) hours per week almost every week in order to perform her duties and keep the thrift shop open and operating on the schedule set by THSSA.   THSSA unlawfully classified her as being a salaried employee exempt from the coverage of the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b), and willfully failed to pay her at the rate of 1.5 times her hourly rate of pay for such overtime hours as required by the Fair Labor Standards Act, 29 U.S.C. 207(a).

10. Although Stella was the manager of the thrift store and she usually had four or five subordinates, approximately 95% of her work time was spent doing the same non-management work duties as her thrift store subordinates, and no more than 5% of her time was used in management or supervision duties.

11.  During the period of her employment by THSSA, Stella worked on average at least 47 hours per week, but (A) neither THSSA nor Stella made or maintained accurate daily wage and hour records showing her number of

hours worked each week, and (B) she received no compensation from THSSA for such overtime work.

12. The failure of THSSA to record and maintain accurate records of the daily hours that Stella worked for it was a deliberate violation of the record keeping requirements of the Fair Labor Standards Act, 29 U.S.C. 211(c) and 29 U.S.C. 215(a)5.

13.   With respect to such overtime hours, Stella should have been paid for the hours over forty per week that she worked at the rate of 1.5 times her hourly rate, and should have been paid by THSSA the following sums for the following periods of her employment, but THSSA failed to pay:

From October, 2010 through October, 2011:
52 weeks times 7 hours times $17.00 per hour = $6,188.00
Times 1.5 overtime rate = **$9,282.00**

From October, 2011 through July, 2012:
39 weeks times 7 hours times $17.79 per hour = $4,856.67
Times 1.5 overtime rate = **$7,285.00**

From July, 2012 through August 15, 2013:
59 weeks times 7 hours times $20.19 per hour = $8,338.47
Times 1.5 overtime rate =  **$12,507.70**

## Jurisdiction and Venue Allegations

14.  Stella is, and has been at all times material to this First Amended Complaint, a resident of Pima County, Arizona, and THSSA has been

5

engaged in business in Pima County, Arizona, where the claims set forth in this First Amended Complaint arose.

15. This Court has jurisdiction for Stella's claim arising under federal law, to-wit: 29 U.S.C. 207(a), pursuant to 29 U.S.C. 216(b).

16. The damages sought herein exceed the minimum amount for Superior Court jurisdiction.

## Demand for Trial by Jury

If this action is removed or transferred to the United States District Court, then Plaintiff Stella demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a, b).

## Relief Requested

Based upon the foregoing, Plaintiff Stella respectfully requests judgment and orders granting her the following relief against Defendant THSSA:

## Count One: FLSA-Failure to Pay Overtime Wages, 29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b)

1. Stella's unpaid overtime wages totaling $29,074.70, to be doubled to $58,149.40, pursuant to 29 U.S.C. 216(b).

2. Stella's reasonable attorneys fees pursuant to 29 U.S.C. 216(b) and Arizona Rules of Civil Procedure, Rule 54(g).

3. Stella's taxable costs pursuant to 29 U.S.C. 216(b) or A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

### Count Two: Failure to Pay Wages (A.R.S. 23-355)

1. Stella's unpaid wages in the sum of $2,907.36, to be trebled to $8,722.36, pursuant to A.R.S. 23-355.

2. Stella's reasonable attorney's fees pursuant to A.R.S. 12-341.01(A), and A.R.S. Rules of Civil Procedure, Rule 54(g).

3. Stella's taxable costs incurred herein, pursuant to A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

### Count Three: Breach of the Contractual Implied
### Covenant of Good Faith and Fair Dealing

1. Stella's unpaid PTO wages in the sum of 310 earned PTO hours times her hourly rate of $20.19 for a total of $6,258.90.

2. Stella's reasonable attorney's fees pursuant to A.R.S. 12-341.01(A), and A.R.S. Rules of Civil Procedure, Rule 54(g).

3. Stella's taxable costs incurred herein, pursuant to A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

Respectfully submitted this 23rd day of December, 2013.

Jerry S. Smith, Attorney for Plaintiff
Jerry S. Smith, PLLC

7



1    Jerry S. Smith (SBA #019599)
2    JERRY S. SMITH, PLLC
3    145 S. Sixth Avenue
     Tucson, Arizona 85701-2007
4    Phone:  (520) 326-0134
5    Email: jsmith@jsslawpllc.com
     PCC #65342
6
7    Attorney for Plaintiff
8
9         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10               **IN AND FOR THE COUNTY OF PIMA**
11

| | |
|---|---|
| CYNTHIA M. STELLA, | Case # C20136901 |
|            Plaintiff, | |
| v. | **AMENDED CERTIFICATE ON COMPULSORY ARBITRATION** |
| THE HUMANE SOCIETY OF SOUTHERN ARIZONA, an Arizona non-profit corporation, | |
|            Defendant. | |

     Plaintiff Cynthia M. Stella, by and through Jerry S. Smith, her undersigned attorney of record, certifies that she knows the dollar limits and any other limitations set forth by A.R.S. Superior Court-Local Rules, Pima County, and further certifies that this case **is not subject** to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

This Certificate is filed pursuant to Arizona Rules of Civil Procedure, Rule 72(e)1.

Respectfully submitted this 23rd day of December, 2013.

Jerry S. Smith, Attorney for Plaintiff
Jerry S. Smith, PLLC

2

**EXHIBIT B**

1   Steven D. Leach, Bar #011584
    JONES, SKELTON & HOCHULI, P.L.C.
2   2901 North Central Avenue, Suite 800
    Phoenix, Arizona 85012
3   Telephone: (602) 263-7350
    Fax: (602) 200-7873
4   sleach@jshfirm.com
    minuteentries@jshfirm.com
5
    Attorneys for Defendant The Humane
6   Society of Southern Arizona

7
              SUPERIOR COURT OF THE STATE OF ARIZONA
8
                         COUNTY OF PIMA
9

10  CYNTHIA M. STELLA,                   NO. C20136901

11                         Plaintiff,    NOTICE OF FILING NOTICE OF
                                         REMOVAL
12       v.
                                         (Assigned to the Honorable Charles V.
13  THE HUMANE SOCIETY OF SOUTHERN       Harrington)
    ARIZONA, an Arizona Non-Profit
14  Corporation,

15                        Defendant.

16
            Respondent The Humane Society of Southern Arizona, by and through
17
    undersigned counsel, pursuant to 28 U.S.C. §1441, *et seq.*, notifies this Court that it filed a
18
    Notice of Removal of this action to the United States District Court for the District of
19
    Arizona.
20
            A copy of the Notice of Removal (exclusive of exhibits) is attached as
21
    Exhibit "A."
22

23

24

25

26

27

28

    3487855.1

1    DATED this 9th day of January, 2014.

2    JONES, SKELTON & HOCHULI, P.L.C.

3

4    By _____

5    Steven D. Leach
     2901 North Central Avenue, Suite 800

6    Phoenix, Arizona  85012
     Attorneys for Defendant The Humane

7    Society of Southern Arizona

8    ORIGINAL of the foregoing filed

9    this 9th day of January, 2014.

10   COPY of the foregoing mailed
     this 9th day of January, 2014, to:

11

12   Jerry S. Smith
     Jerry S. Smith, PLLC

13   145 S. Sixth Avenue
     Tucson, Arizona  85701-2007

     Attorney for Plaintiff

14

15   _____

16

17

18

19

20

21

22

23

24

25

26

27

28

3487855.1                              2

**EXHIBIT C**

1 | Jerry S. Smith (SBA #019599)
2 | JERRY S. SMITH, PLLC
3 | 145 S. Sixth Avenue
    | Tucson, Arizona 85701-2007
4 | Phone:  (520) 326-0134
5 | Email: jsmith@jsslawpllc.com
6 | PCC #65342
7 | Attorney for Plaintiff

*FILED*

*13 DEC 18  PH 5: 35*

*K. YLVISAKER, DEPUTY*

8
9 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10 | **IN AND FOR THE COUNTY OF PIMA**

11



12 | CYNTHIA M. STELLA,                    Case #   **C20136901**

13 |                        Plaintiff,

14 | v.                                                    **COMPLAINT**

15 |

16 | THE HUMANE SOCIETY OF
17 | SOUTHERN ARIZONA, an
    | Arizona non-profit corporation,        **Charles Harrington**

18 |                        Defendant.

19

20

21 |     Plaintiff Cynthia M. Stella, by and through Jerry S. Smith, her
22 | undersigned attorney of record, submits this Complaint against Defendant
23 | The Humane Society of Southern Arizona, Inc., for her claims for **(1)** failure
24 | to pay overtime wages in violation of the Fair Labor Standards Act, 29
25 | U.S.C. 207(a), **(2)** failure to pay wages in violation of A.R.S. 23-355, **and (3)**
26 | breach of the contractual implied covenant of good faith and fair dealing.

1    This Complaint is filed pursuant to Arizona Rules of Civil Procedure,
2  Rules 3, 7(a), and 8(a).

3
4                              **Fact Allegations**
5    1. Plaintiff Cynthia M. Stella ("Stella") is, and has been at all times
6  material to this Complaint, an adult resident of Pima County, Arizona.
7    2. The Defendant, The Humane Society of Southern Arizona, Inc.
8  (hereinafter "THSSA"), is, and has been at all times material to this
9  Complaint:
10         (A)  An Arizona non-profit corporation, with its principal place
11  of business located in Tucson, Pima County, Arizona; and
12         (B)  An "employer" as that term is defined in 29 U.S.C. 203(d),
13  and used in 29 U.S.C. 207(a), and in A.R.S. 23-350(3); and
14         (C)  An "enterprise engaged in commerce or in the production
15  of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).
16
17    3. Stella was employed by THSSA from October, 2010 through
18  August 15, 2013, as the manager of its thrift store in Tucson, Arizona, when
19  she was terminated without good cause.
20    4. At all times during her employment by THSSA, Stella was an
21  employee of THSSA as that term is defined in 29 U.S.C. 203(e)(1), and
22  used in 29 U.S.C. 207(a), and defined in A.R.S. 23-350(2).
23    5. Stella's hourly rates of pay were:
24  October, 2010 through October, 2011: $17.00 per hour
25  October, 2011 through July, 2012: $17.79 per hour
26

2

July, 2012 through August 15, 2013: $20.19 per hour

6.   THSSA told Stella that she was fired because she had hired a "relative" to work at the thrift store as a subordinate.  However, this "reason" was false, pretextual, and a breach of the implied covenant of good faith and fair dealing because (1) in fact Stella did not hire a relative to work at the thrift store, (2) other THSSA employees who had in fact violated the "no relative-subordinates" policy had not been terminated, including Rich Laguna and Lisa Gagnon, and (3) Stella had accumulated/earned 144 PTO (paid time off hours) that she would be entitled to be paid upon a termination of her employment so long as she was not involuntarily terminated.  The THSSA policy states:

> "Any employee who voluntarily resigns from employment and who provides at least two weeks notice will be paid their accrued but unused PTO up to a maximum of their annual accrual rate at the time of resignation. An employee whose employment is involuntarily terminated will not be paid for their accrued but unused PTO."

7.  When THSSA fired Stella on August 15, 2013, she had earned but had not been paid for a total of 310 PTO hours.  Her annual accrual rate was 144 PTO hours.  Therefore, pursuant to the THSSA policy, paragraph 6 supra, she was entitled to be paid for one year of her accrued PTO, 144 hours, at her hourly rate of $20.19 per hour, for total PTO wages of $2,907.36.

8. When THSSA fired Stella, it failed and refused to pay her PTO wages of $2,907.36, stating that she was precluded from receiving such wages pursuant to the second sentence of its policy, paragraph 6 supra. Her "involuntary termination" was a breach of the implied covenant of good

3

faith and fair dealing because the reason given was knowingly false (hiring a relative) and was done so that THSSA might have an excuse to refuse to provide the PTO wages or hours off that Stella was entitled to.

9. Throughout her employment, THSSA required Stella to work more than forty (40) hours per week almost every week in order to perform her duties and keep the thrift shop open and operating on the schedule set by THSSA.   THSSA unlawfully classified her as being a salaried employee exempt from the coverage of the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b), and willfully failed to pay her at the rate of 1.5 times her hourly rate of pay for such overtime hours as required by the Fair Labor Standards Act, 29 U.S.C. 207(a).

10. Although Stella was the manager of the thrift store and she usually had four or five subordinates, approximately 95% of her work time was spent doing the same non-management work duties as her thrift store subordinates, and no more than 5% of her time was used in management or supervision duties.

11.  During the period of her employment by THSSA, Stella worked on average at least 47 hours per week, but (A) neither THSSA nor Stella made or maintained accurate daily wage and hour records showing her number of hours worked each week, and (B) she received no compensation from THSSA for such overtime work.

12. The failure of THSSA to record and maintain accurate records of the daily hours that Stella worked for it was a deliberate violation of the

4

record keeping requirements of the Fair Labor Standards Act, 29 U.S.C. 211(c) and 29 U.S.C. 215(a)5.

13.    With respect to such overtime hours, Stella should have been paid for the hours over forty per week that she worked at the rate of 1.5 times her hourly rate, and should have been paid by THSSA the following sums for the following periods of her employment, but THSSA failed to pay:

From October, 2010 through October, 2011:
52 weeks times 7 hours times $17.00 per hour = $6,188.00
Times 1.5 overtime rate = $9,282.00

From October, 2011 through July, 2012:
39 weeks times 7 hours times $17.79 per hour = $4,856.67
Times 1.5 overtime rate = $7,285.00

From July, 2012 through August 15, 2013:
7 weeks times 7 hours times $20.19 per hour = $989.33
Times 1.5 overtime rate = $1,483.97

## Jurisdiction and Venue Allegations

14.  Stella is, and has been at all times material to this Complaint, a resident of Pima County, Arizona, and THSSA has been engaged in business in Pima County, Arizona, where the claims set forth in this Complaint arose.

15. This Court has jurisdiction for Stella's claim arising under federal law, to-wit: 29 U.S.C. 207(a), pursuant to 29 U.S.C. 216(b).

16. The damages sought herein exceed the minimum amount for Superior Court jurisdiction.

5

**Demand for Trial by Jury**

If this action is removed or transferred to the United States District Court, then Plaintiff Stella demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a, b).

**Relief Requested**

Based upon the foregoing, Plaintiff Stella respectfully requests judgment and orders granting her the following relief against Defendant THSSA:

Count One: FLSA-Failure to Pay Overtime Wages,
29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b)

1. Stella's unpaid overtime wages totaling $18,050.97, to be doubled to $36,101.94, pursuant to 29 U.S.C. 216(b).

2. Stella's reasonable attorneys fees pursuant to 29 U.S.C. 216(b) and Arizona Rules of Civil Procedure, Rule 54(g).

3. Stella's taxable costs pursuant to 29 U.S.C. 216(b) or A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

Count Two: Failure to Pay Wages (A.R.S. 23-355)

1. Stella's unpaid wages in the sum of $2,907.36, to be trebled to $8,722.36, pursuant to A.R.S. 23-355.

6

2.  Stella's reasonable attorney's fees pursuant to A.R.S. 12-341.01(A), and A.R.S. Rules of Civil Procedure, Rule 54(g).

3.  Stella's taxable costs incurred herein, pursuant to A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

### Count Three: Breach of the Contractual Implied Covenant of Good Faith and Fair Dealing

1.  Stella's unpaid PTO wages in the sum of 310 earned PTO hours times her hourly rate of $20.19 for a total of $6,258.90.

2.  Stella's reasonable attorney's fees pursuant to A.R.S. 12-341.01(A), and A.R.S. Rules of Civil Procedure, Rule 54(g).

3.  Stella's taxable costs incurred herein, pursuant to A.R.S. 12-341, A.R.S. 12-332(A), and Arizona Rules of Civil Procedure Rule 54(f)1.

Respectfully submitted this 17th day of December, 2013.

_____
Jerry S. Smith, Attorney for Plaintiff
Jerry S. Smith, PLLC

7